**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ENHABIT, INC., ADVANCED HOMECARE MANAGEMENT, LLC, and ENCOMPASS HEALTH CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2022-0837-LWW |
| NAUTIC PARTNERS IX, L.P., NAUTIC PARTNERS, LLC, CHRISTOPHER COREY, VISTRIA FUND III, LP, THE VISTRIA GROUP, LP, DAVID SCHUPPAN, TVG NP HOMECARE TOPCO, LP, and CHRIS A. WALKER, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING CONSTRUCTIVE TRUST

WHEREAS, Plaintiffs Enhabit, Inc. ("*Enhabit*"), Advanced Homecare Management, LLC ("*Advanced Homecare*"), and Encompass Health Corporation ("*EHC*" and, together with Enhabit and Advanced Homecare, "*Plaintiffs*") filed their Amended Complaint in the above-captioned action on February 7, 2023;

WHEREAS, the Amended Complaint alleged a claim for "Aiding and Abetting Anthony's Breaches of Fiduciary Duty" against all Defendants in Count I;

WHEREAS, the Amended Complaint alleged a claim for "Breach of Fiduciary Duty" against Defendant Chris A. Walker ("*Walker*") in Count II;

WHEREAS, the Amended Complaint alleged a claim for "Aiding and Abetting Walker's Breaches of Fiduciary Duty" against Defendants Nautic Partners IX, L.P. and Nautic Partners, LLC (together, "*Nautic*"), Defendants Vistria Fund III, LP and The Vistria Group, LP (together, "*Vistria*" and, with Nautic, the "*PE Defendants*"), Defendant Christopher Corey, Defendant David Schuppan, and Defendant TVG NP Homecare Topco, LP ("*Topco*") in Count III;

WHEREAS, the Amended Complaint alleged a claim for "Breach of Contract" against Walker in Count IV, which was subsequently dismissed;

WHEREAS, the Amended Complaint alleged a claim for "Joint Venture Liability" against the PE Defendants in Count V;

WHEREAS, the Amended Complaint alleged a claim for "Unjust Enrichment" against all Defendants in Count VI;

WHEREAS, a seven-day trial was held from December 11, 2023 to December 19, 2023 on Counts I-III and V-VI;

WHEREAS, on December 2, 2024, the Court issued a memorandum opinion (the "*Opinion*") entering judgment for Plaintiffs on Counts I, II, and III and deeming Counts V and VI moot;

WHEREAS, on December 9, 2024, Defendants filed a Motion for Reargument and For Clarification ("*Motion for Reargument*") seeking reargument, withdrawal, or clarification of the remedy imposed in the Opinion;

2

WHEREAS, on February 18, 2025, the Court issued a letter opinion ("**_Letter Opinion_**" and together with the Opinion, the "**_Opinions_**") denying Defendants' Motion for Reargument, but issuing a clarification as to the funds subject to the constructive trust per the Opinion;

WHEREAS, the Opinions required the parties to file a proposed form of order outlining the formation of a constructive trust, the function of the trust, and the role and authority of the trustee, consistent with the Opinions; and

WHEREAS, the Court has duly considered the proposed orders submitted by the parties;

WHEREAS, concurrently with this Order Granting Constructive Trust (the "**_Order_**"), the Court has issued a letter opinion explaining the reasoning in resolving certain substantive disputes in the parties' competing proposed orders;

NOW, THEREFORE, IT IS ORDERED, this 14th day of May, 2025, as follows:

## I. PROPERTY SUBJECT TO CONSTRUCTIVE TRUST

1. All Proceeds (as defined below), if any, will be held in a constructive trust (the "**_Constructive Trust_**") to be disbursed on the instructions of the Trustee appointed pursuant to this Order or as otherwise ordered by this Court.

2. As used herein, the following terms have the meanings set forth below:

3

a. "***Dilutive Issuance***" means any issuance of equity interests (or options, warrants or other securities that are directly or indirectly convertible into, or exercisable or exchangeable for equity interests) in Topco to any person; *provided* that any issuances to officers, employees and/or directors of Topco or its subsidiaries as part of compensation or similar arrangements entered into in compliance with this Order do not constitute Dilutive Issuances.

b. "***Disposition***" means any sale, exchange, conveyance, transfer or other disposition of an interest in an asset by any means whatsoever (including by merger, consolidation or similar transaction).

c. "***Proceeds***" means the aggregate amount of (a) proceeds (whether in the form of cash, securities or other property, tangible or intangible) received by Topco and available for dividends or other distributions to Topco's equity investors; and (b) without duplication of the foregoing, any payment received by a Defendant other than Topco resulting from any sale or other transfer of direct or indirect equity interests in Topco, *provided* that the Specified Percentage be reduced to take into account the percentage of total outstanding interests so sold or transferred. For the avoidance of doubt, Proceeds does not include amounts that Topco contributes or otherwise disburses

4

or sets aside for (a) payments in respect of debt of Topco or any of its subsidiaries, including payments on debt-like preferred stock issued to April Anthony by Topco subsidiaries to refinance its term debt in March 2023, (b) reasonable, customary and documented out-of-pocket transaction costs and expenses incurred by Topco payable to unaffiliated third parties in connection with the transaction or event giving rise to such proceeds, or (c) contributions to Topco or any of its subsidiaries for use in the operation of or growth of the business conducted by Topco and its subsidiaries (including in support of anticipated acquisitions).

d.    "*Specified Percentage*" means, initially, the total amount of forty-three percent (43%).  In the event of the consummation of a Dilutive Issuance or Disposition of an equity interest in Topco by a Defendant other than Topco, the Specified Percentage applicable to Proceeds received by Topco shall be adjusted as set forth in the Section of this Order entitled "Dilution."

## II.    PAYMENT OBLIGATION

3.    On the date of the entry of this Order, Defendants must deliver to Plaintiffs, the Trustee (as defined below), and the Court a sworn statement setting forth the amount of any Proceeds received by Defendants since May 18, 2021 (other

5

than any Proceeds received by Defendants from their Disposition of Topco equity interests to April Anthony for approximately $87 million in 2022), along with reasonably detailed supporting calculations and such other related information as the Trustee may reasonably request. Within 14 days of the entry of this Order, Defendants must pay to the Trustee an amount equal to such Proceeds, and the Trustee will promptly pay to Plaintiffs the Specified Percentage of such Proceeds and remit the remainder to Defendants.

4.      Without duplication of any amounts owed under the immediately preceding paragraph, Topco or other Defendants in receipt of Proceeds must, within 14 days of the receipt thereof: (a) pay to the Trustee an amount equal to such Proceeds; and (b) provide notice to the Trustee and Plaintiffs of (i) the amount of Proceeds subject to the Constructive Trust, (ii) the calculation used to determine the amount of such Proceeds, (iii) a calculation of Plaintiffs' portion of the Proceeds, applying the Specified Percentage, and (iv) proposed instructions (including a flow of funds) for the disbursement of the Plaintiffs' Specified Percentage and non-Plaintiffs' portion of such Proceeds (a "***Proceeds Notice and Proposed Instructions***") (it being understood that Topco or other Defendants anticipating receipt of Proceeds may, in their discretion, provide a Proceeds Notice and Proposed Instructions to the Trustee prior to the receipt of such Proceeds).  As soon as reasonably practicable, the Trustee will review the Proceeds Notice and Proposed

6

Instructions. If the Trustee approves of the Proceeds Notice and Proposed Instructions, the Trustee will disburse the Proceeds accordingly. If the Trustee disagrees with the Proceeds Notice and/or Proposed Instructions, the Trustee will disburse those Proceeds that are not in dispute and inform the parties in writing of the basis for any proposed adjustments. Plaintiffs and Defendants will have 14 days from receipt of the Trustee's writing to challenge with the Court the Trustee's proposed adjustments, in which case any disputed amount will be retained by the Trustee pending an order of the Court. If no such challenge is made by the Plaintiffs or Defendants, the Trustee must disburse the disputed amount per the Trustee's adjustments.

5. To the extent practicable, the Trustee will cause Proceeds to be held in an interest-bearing account and the Trustee must pay to Plaintiffs and Defendants, as applicable, a ratable share of interest accrued on those Proceeds, including interest that accrues during the pendency of any dispute and determination as outlined in the preceding paragraph.

6. If Topco or any other Defendant defaults in the payment of any Proceeds or any other amount due under this Order, until such defaulted amount is paid in full, it will bear interest from the date of such default, payable on demand, at the legal interest rate pursuant to 6 *Del. C.* § 2301, compounded quarterly until paid, and

7

Plaintiffs will be entitled to receive their ratable share of interest accrued on such amount concurrently with payment of such amount.

7. The payment obligations under this Order are: (a) in the case of payment obligations of Topco, joint and several obligations of Topco and the other Defendants; and (b) in the case of payment obligations of any other Defendant, joint and several obligations of the Defendants (other than Topco). If one or more parent entities of Topco are created after this Order is entered, each reference in this Order to "Topco" will also be deemed to be a reference to such entity or entities. All payment and other obligations imposed on the Defendants by this Order will bind each assignee or successor of a Defendant until the occurrence of the Termination Date (as defined below).

## III. ALLOCATION

8. The Trustee must, in accordance with paragraphs 3 and 4 of this Order, deliver the Specified Percentage of all Proceeds to Plaintiffs or their designees, to be paid (a) fifty percent (50%) to EHC, and (b) fifty percent (50%) to Enhabit and Advanced Homecare, unless otherwise specified in writing to the Trustee by Plaintiffs. The rights of Plaintiffs in such payments are joint and several.

## IV. DILUTION

9. Topco cannot consummate any Dilutive Issuance unless it has provided the Trustee and Plaintiffs not less than twenty-one (21) days' advance notice of such

8

Dilutive Issuance, the valuation used in determining the then-current fair market value of such equity interests or rights therein, the valuation of any property contributed to Topco or any of its subsidiaries, the anticipated uses of the proceeds of such Dilutive Issuance, and any ownership interests being issued in connection with such Dilutive Issuance;[1] *provided*, however, that if commercial exigencies render the provision of such advance notice not reasonably practicable, Topco may consummate such Dilutive Issuance without providing such advance notice; *provided* that Topco must provide the Trustee and Plaintiffs with the requisite information under this paragraph as soon as reasonably practicable following the consummation of such Dilutive Issuance (and in any event no later than seven (7) days thereafter).[2]

10. Any Dilutive Issuance of Topco equity will dilute the Specified Percentage applicable to Proceeds received by Topco to equal the product of (a) the Specified Percentage immediately prior to the Dilutive Issuance and (b) the excess of 100 percent over the percentage of Topco equity issued in the Dilutive Issuance,

---

[1] Topco may also include a participation offer setting forth terms (including the amount and deadline for accepting such offer) on which Plaintiffs can contribute funds to prevent any dilution of the Specified Percentage pursuant to this Section.

[2] If Topco has provided notice of the Dilutive Issuance to the Trustee and Plaintiffs as required by this paragraph, nothing in this Section prevents Defendants from executing on a Dilutive Issuance and subsequently adjusting the dilutive effect on the Plaintiffs' Specified Percentage after reaching resolution with the Trustee or having the Court resolve any disagreement on the issue.

unless the Trustee determines and communicates to the Defendants that the valuation of Topco's equity (and/or any property contributed to Topco) in such Dilutive Issuance does not reflect a fair market value thereof, in which event Defendants must be afforded a reasonable opportunity to meet and confer with the Trustee to reach an agreement regarding an appropriate valuation, and absent such agreement, any adjustment to the Specified Percentage applicable to Proceeds received by Topco will be determined by the Court (*provided* that, for the avoidance of doubt, any such determination or lack thereof by the Trustee is without prejudice to Plaintiffs' or Defendants' right to challenge such valuation(s) and adjustment to the Specified Percentage applicable to Proceeds received by Topco and seek appropriate relief from the Court).[3]

11.    The Parties have agreed on Plaintiffs' and the non-Topco Defendants' respective obligations for paying their own fees and costs related exclusively to any challenge to the Trustee's assessment of Topco's valuation as set forth in this Section IV and in the circumstances described in this paragraph.  The Parties further agree that nothing in this paragraph bears on any Party's obligation to pay fees and costs

---

[3]    The following dilution formula is provided for by this provision:  Post-Dilution Specified % = (Pre-Dilution Specified %) × (100% - % of New Equity), where % of New Equity = (Dollar Amount of New Equity ÷ (Present Fair Market Equity Value + Dollar Amount of New Equity)).

incurred in any other context or circumstances, including but not limited to fees and costs incurred by either the Trustee or Topco in connection with any challenge to the Trustee's assessment of Topco's valuation, which will be governed by the Section entitled "Exculpation, Indemnification, and Advancement." If the Trustee agrees that Defendants' valuation of Topco's equity (and/or any property contributed to Topco) in any Dilutive Issuance reflects a fair market value thereof and Plaintiffs nonetheless elect to challenge such valuation before the Court, Plaintiffs will bear their own costs, expenses, and attorneys' fees incurred in connection with such challenge, regardless of the outcome. If the Trustee does not agree that Defendants' valuation of Topco's equity (and/or any property contributed to Topco) in any Dilutive Issuance reflects the fair market value thereof and the Trustee and Defendants are unable to reach an agreement regarding an appropriate valuation, Defendants (other than Topco) will bear their own costs, expenses, and attorneys' fees incurred in connection with any proceeding in this Court to determine an adjustment to the Specified Percentage pursuant to paragraph 10, regardless of the outcome.

12. Except regarding any issuances to officers, employees, and directors of Topco or its subsidiaries as part of compensation or similar arrangements, a Dilutive Issuance is not subject to the Trustee's consent, notice and objection rights as

11

otherwise applicable under this Order, other than those provided for within this Section IV.

## V. DISSOLUTION

13. This Order will be discharged and the Constructive Trust dissolved (a) only with respect to a Defendant other than Topco, on the date on which such Defendant has disposed of its entire interest in Topco and all Proceeds required to be paid under this Order have been paid to the Trustee; and (b) with respect to all Defendants on the date (the "***Termination Date***") on which: (i) Topco has disposed of all its material assets (including all revenue-generating or valuable assets held directly or indirectly through subsidiaries) in accordance herewith, and (ii) all Proceeds required to be paid under this Order have been paid to the Trustee and the Trustee has disbursed the Specified Percentage of all such Proceeds to Plaintiffs, as confirmed in writing by the Plaintiffs and Trustee to Defendants.

## VI. APPOINTMENT OF TRUSTEE

14. After receiving input from the parties on the selection of a trustee, the Court will appoint a trustee (in such capacity, together with any permitted successors, the "***Trustee***") with the powers and duties specified in this Order and, as necessary, any subsequent order.

## VII. ACCEPTANCE AND TERM OF APPOINTMENT

15. The Trustee will be deemed to have accepted his or her appointment as Trustee under this Order upon: (a) the Trustee filing a written acceptance with the

Court; (b) Plaintiffs filing an acknowledgement that they are bound by this Order; and (c) Defendants filing an acknowledgement that they are bound by this Order. The Trustee will serve at the pleasure of the Court, and if the Trustee is removed, the provisions of this Order will remain in effect pending further order of the Court.

## VIII.  REPORTING

16.   The Trustee must provide the Court and the parties with quarterly financial reports for the Constructive Trust, quarterly updates on the administration of the Constructive Trust, and a final report for the Constructive Trust upon dissolution or expiration of the Constructive Trust under Section V of this Order.

## IX.  INFORMATION RIGHTS

17.   Topco must, and the other Defendants must cause Topco to, provide to the Trustee: (a) within 45 days of the end of each fiscal quarter, unaudited consolidated financial statements (including a comparative consolidated balance sheet for the applicable fiscal quarter and prior year-end, and comparative consolidated statements of operations and statements of cash flows for the most recently completed fiscal quarters and year-to-date periods) of Topco and its subsidiaries for the fiscal quarter then ended accompanied by a customary certificate of the chief financial officer of Topco; (b) within 120 days of the end of each fiscal year, audited consolidated financial statements of Topco and its subsidiaries for the fiscal year then ended prepared in conformity with U.S. Generally Accepted

13

Accounting Principles, along with a customary certificate of the Chief Financial Officer of Topco; and (c) prior to the start of each fiscal year, the operative consolidated operating budget for the upcoming fiscal year (reflecting any revisions adopted thereto). Defendants must provide all information requested by the Trustee that the Trustee deems reasonably necessary for the Trustee to evaluate the amount of Proceeds (if any) in a quarter during the existence of the Constructive Trust and/or upon dissolution of the Constructive Trust, or to otherwise fulfill his or her duties as Trustee.

18. Notwithstanding any other provision of this Order, Topco and its subsidiaries must provide to the Trustee reasonable prior written notice before issuing (a) any dividend, distribution or other payment (whether in cash, securities or other property) with respect to any equity interests (including preferred and similar equity interests) of Topco or any of its subsidiaries, or (b) any material payment (whether in cash, securities or other property) on account of the purchase, redemption, retirement, acquisition, cancellation or termination of any equity interests (including preferred and similar equity interests) of Topco or any of its subsidiaries, unless the Trustee receives all of the Proceeds in respect of such dividend, other distribution, or payment. For the avoidance of doubt, this provision will not apply to any dividend, distribution, or other payment made by any subsidiary of Topco solely to another subsidiary of Topco or to Topco.

14

## X.  AFFILIATE TRANSACTIONS

19.  The written consent of the Trustee is required before Topco or any of its subsidiaries can sell or transfer any property or assets to, or make any proposed purchase or acquisition of any property or assets from, or enter into any other proposed transaction with, any of their respective Affiliates involving consideration, property, assets or services in such transaction or in a series of related transactions with a fair market value in excess of $100,000 in the aggregate, *provided* that, in each case, such consent cannot be unreasonably withheld, conditioned, or delayed if such transaction is entered into on terms and conditions (including pricing) not less favorable to Topco and its subsidiaries, as applicable, than could be obtained from unrelated third parties on arm's length terms (as determined by the Trustee) and any payment obligations created by this Order applicable to such transaction are satisfied substantially concurrently with such transaction pursuant to the Section entitled "Payment Obligations."

a.  For purposes of this Order, "*Affiliate*" means, with respect to any Defendant, (a) any other person or entity directly or indirectly controlling or controlled by or under direct or indirect common control with such Defendant, (b) any employee, director or officer of Topco or any of its subsidiaries, (c) Nautic Partners IX, L.P., Nautic Partners, LLC, Vistria Fund III, LP or The Vistria Group, LP, and all of their

15

employees, (d) Chris A. Walker, Luke James, April Anthony, Mark Anthony, David Schuppan and Christopher Corey, and (e) any Affiliate (including the owners of the general partners or managing members of any of the foregoing and any investment or similar vehicles managed or advised by such persons), family member, or trust or investment or similar vehicle established by or for the benefit of any person or family member of any person in clause (c) or (d). For purposes of this definition, "control" (including, with correlative meanings, the terms "controlling, "controlled by" and "under common control with"), as used with respect to any Defendant, means the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of such Defendant, whether through the ownership of voting securities, by agreement or otherwise.

b. Within ten days of this Order, Defendants must file a list of such family members and investment and similar vehicles. Defendants must update this list and file an accurate version with the Court each quarter.

## XI. COMPETITIVE INFORMATION

20. The Trustee cannot share any confidential financial, performance or operational information with Plaintiffs without Topco's consent.

21. Notwithstanding anything in this Order to the contrary, to the extent that any notice or other information to be provided to one or more Plaintiffs pursuant to this Order is determined by Defendants (acting reasonably and in good faith) to be competitively sensitive, such information will be provided to such Plaintiff(s) solely through their respective internal legal counsel and outside legal counsel and accountants, who must, upon the reasonable request of Defendants, execute customary "clean team" agreements or enter into other similar arrangements providing that the recipient will hold such information in confidence other than as otherwise may be required by law or as necessary to advise Plaintiff(s) with respect to their rights under this Order (*provided*, however, that such recipient must take reasonable measures to limit the disclosure of competitively sensitive information when providing such advice to Plaintiffs). The Trustee will execute customary confidentiality and non-disclosure agreements with Defendants (*provided* that such agreements permit disclosure of notices and other information to Plaintiffs as necessary under this Order, subject to the requirements of paragraphs 20, 21, and 22).

## XII. CONFIDENTIALITY

22. Defendants may designate information provided to Plaintiffs or the Trustee as "Confidential Discovery Material" or "Highly Confidential Discovery Material" pursuant to the Stipulation and Order for the Production and Exchange of

Confidential and Highly Confidential Information entered by the Court in this action on November 17, 2022 (the "***Protective Order***"), which is incorporated into this Order by reference. The Trustee and Plaintiffs must abide by the provisions of the Protective Order with respect to any use of Defendants' information in connection with any filing in this Court.

## XIII. MODIFICATIONS

23. Plaintiffs, Defendants, or the Trustee may request modifications of this Order or the Constructive Trust from the Court, to which all parties will be afforded an opportunity to respond. Absent further order of the Court, no modifications to this Order or the Constructive Trust may be made or implemented without the express, written consent of all parties. If the parties agree upon a modification, they must inform the Court by letter.

## XIV. COMPENSATION AND EXPENSES OF THE TRUSTEE

24. The Trustee is entitled to payment of its reasonable fees (at customary hourly rates) and expenses. The Trustee's fees and expenses will be paid monthly by Topco and considered a Topco expense for purposes of calculating Proceeds under Paragraph 2.c.

25. The Trustee is authorized, with the prior approval of the Court and subject to the right of Defendants to object thereto, to retain counsel and/or other professionals as necessary to fulfill his or her duties as Trustee. The associated fees

18

and expenses associated will be paid monthly by Topco and considered a Topco expense for purposes of calculating Proceeds under paragraph 2.c.

## XV.  ENFORCEMENT

26.   The Trustee may bring an enforcement proceeding before the Court if it determines any party, their affiliates, or agents acted to frustrate this Order.

27.   Each Defendant cannot, and cannot cause Topco or its subsidiaries to, take any action (including the making of any dividend, distribution, or other payment) in contravention of this Order or to circumvent or frustrate the Defendants' obligations under this Order.

28.   Topco and/or its subsidiaries cannot indemnify any of their respective equity holders, directors, members, managers, officers or partners (whether characterized as general, managing, limited or otherwise) with respect to any liability arising from or related to any intentional violation of this Order or reckless disregard of this Order's terms.

29.   For the avoidance of doubt, neither this Order nor the Opinions adjudicates Plaintiffs' rights or ability to obtain relief against April Anthony (including with regard to her common or preferred equity interest in Topco and/or its subsidiaries), Luke James, or any other non-Defendant person or entity.

## XVI.  NOTICE OF ORDER TO LENDERS

30.     Defendants must provide any current lender to Topco (or any future lender to Topco with whom Topco has had material discussions regarding such arrangement) or lender who provides financing secured directly or indirectly by any equity interest in Topco with a copy of this Order.

## XVII. DISPUTE RESOLUTION

31.     In the event Plaintiffs, Defendants, and/or Trustee, as applicable, are unable to reach agreement with respect to any of the subjects covered by this Order, any party may file a motion with the Court to seek resolution of the disagreement.

## XVIII.  EXCULPATION, INDEMNIFICATION, AND ADVANCEMENT

32.     The Trustee has no liability to Plaintiffs, Defendants, or any other person for actions taken in good faith pursuant to this Order or any subsequent order of the Court in connection with this litigation. In any challenge to the Trustee's actions, the Trustee shall be presumed to have acted in good faith.

33.     The Trustee is entitled to all protection, limitation from liability, and immunity available at law or in equity to a court-appointed Trustee including, without limitation, all protection, limitation from liability, and immunity provided by the indemnification provisions of applicable law.  Fees and expenses, including attorneys' fees, incurred by the Trustee in responding to any suit, or proceeding arising by reason of or in connection with the Trustee's appointment, or the performance of the Trustee's duties under this Order, must be paid by Topco

monthly in advance of the final disposition of such action, suit, or proceeding subject to the repayment of such amount if it is ultimately determined by the Court that the Trustee is not entitled to be indemnified under applicable Delaware law.

## XIX. CERTAIN TAX MATTERS

34. Promptly following the entry of this Order, the parties must use reasonable efforts to reach agreement with respect to the appropriate treatment, for U.S. federal income tax purposes of: (a) the Constructive Trust, and (b) Plaintiffs' rights in the Constructive Trust.

## XX. APPEAL PRESERVED

35. This Order constitutes a final order and judgment of the Court.

36. Entry of this Order, and the parties' agreement as to the form of certain provisions of this Order, are without prejudice to the rights of any party to appeal any of the rulings of this Court since the inception of this action, and all such rights are expressly reserved.

*/s/ Lori W. Will*
Vice Chancellor Lori W. Will

21